IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TALON TRANSACTION TECHNOLOGIES, INC., ET AL., | § § § | |
| Plaintiffs, | § § | |
| V. | § § | No. 3:13-cv-902-P |
| STONEEAGLE SERVICES, INC., ET AL., | § § § | |
| Defendants. | § § | |

## MEMORANDUM OPINION AND ORDER

On December 3, 2014, Plaintiffs Talon Transaction Technologies, Inc. and NexPay, Inc. filed an Emergency Motion for Protective Order to Limit the Scope of Corporate Representatives' Depositions. *See* Dkt. No. 114. Chief Judge Jorge A. Solis referred Plaintiffs' motion [Dkt. No. 114] to the undersigned United States magistrate judge for determination. This opinion and order addresses how the Court will resolve this motion.

## Background

On November 18, 2014, Defendants served each of the Plaintiffs with an Amended Notice of Intention to Take Oral Deposition of each Plaintiff's Corporate Representative ("Deposition Notices"). *See* Dkt. No. 114 at 2; Dkt. No. 115. This apparently was preceded by the parties' counsel's conferring on November 6 and 7, 2014 regarding the topics in what the Court presumes were Defendants' original Federal Rule of Civil Procedure 30(b)(6) deposition notices, which apparently included

the topics at issue in Plaintiffs' pending motion for protective order. *See* Dkt. No. 114 at 9 ("I hereby certify that on November 6 and 7, 2014, Plaintiffs conferred telephonically with Christopher Trowbridge and Beverly Whitley, counsel for Defendants, on the relief sought in this motion.").

The November 18, 2014 Deposition Notices noticed Plaintiff's Rule 30(b)(6) corporate representative depositions for 10:00 a.m. on December 5, 2014. *See* Dkt. No. 115-1. At 5:42 p.m. on December 3, 2014, Plaintiffs filed their Emergency Motion for Protective Order to Limit the Scope of Corporate Representatives' Depositions, *see* Dkt. No. 114, requesting that the Court enter "an emergency protective order pursuant to FED. R. CIV. P. 26(b) and (c)" "protecting Plaintiffs from having to prepare and designate a witness to testify concerning Topic Numbers 2, 7, and 13 for NexPay and Topic Numbers 3, 8, and 15 for Talon Texas because those topics are not stated with particularity as required by Federal Rule of Civil Procedure 30(b)(6)," *id.* at 1-2. By their emergency motion, "Plaintiffs respectfully request the Court to consider this motion on an expedited basis, grant this motion and issue a protective order, and award any other and further relief to which Plaintiffs may be entitled." *Id.* at 8.

Plaintiffs' motion provides no other explanation for the need for this relief on an emergency basis or the Court's considering the motion on an expedited basis. *See* Dkt. No. 114.

As to the Court's requirement that the parties meaningfully confer before filing a discovery motion in an effort to avoid the need for the Court's intervention, *see Dondi Properties Corp. v. Commerce Savs. & Loan Ass'n*, 121 F.R.D. 284, 289-90 (N.D. Tex.

1988); FED. R. CIV. P. 26(c)(1); FED. R. CIV. P. 37(a)(1); N.D. TEX. L. CIV. R. 7.l(a), the motion's required Certificate of Conference reports that "on November 6 and 7, 2014, Plaintiffs conferred telephonically with Christopher Trowbridge and Beverly Whitley, counsel for Defendants, on the relief sought in this motion" and that, "[d]uring that conference, Defendants indicated they oppose the relief sought in this motion," *id.* at 9.

## Order

Plaintiffs' motion presents an emergency of Plaintiffs' own making. The parties last conferred regarding the disputed Rule 30(b)(6) topics on November 7, 2014 – 11 days before Defendants served the Deposition Notices and 26 days before Plaintiffs filed their emergency motion after normal business hours. Defendants served the Deposition Notices with the disputed topics on November 18, 2014 – 15 days before Plaintiffs filed their emergency motion. Those Deposition Notices noticed Plaintiffs' corporate representative depositions for December 5, 2014 – 17 days after service of the Deposition Notices. But Plaintiffs did not file their emergency motion challenging Topic Numbers 2, 7, and 13 for NexPay and Topic Numbers 3, 8, and 15 for Talon Texas until just over 36 hours before the depositions are set to begin.

And Plaintiffs' motion does not seek to halt or stay their corporate representatives' December 5 depositions entirely. Even if it did, there would be no basis to do so. "When a Rule 30(b)(6) deposition notice references multiple topics, the party named in the deposition notice must either move for a protective order regarding each topic or designate a person to testify regarding each topic." *Ferko v. Nat'l Ass'n for*

*Stock Car Auto Racing, Inc.*, 218 F.R.D. 125, 142 (E.D. Tex. 2003). Failing to appear and testify as to designated topics for a Rule 30(b)(6) deposition "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)." FED. R. CIV. P. 37(d)(2). And a pending motion for protective order only protects a party from designating a witness to appear and testify as to the particular topics addressed in the pending motion. *See Ferko*, 218 F.R.D. at 143 ("To satisfy Rule 37(d)'s requirement of a 'pending motion for a protective order' for each disputed deposition topic, the party filing a motion for a protective order must state why a motion for a protective order is needed for each disputed deposition topic.").

But Plaintiffs' motion does ask the Court to enter an emergency order "protecting Plaintiffs from having to prepare and designate a witness to testify concerning Topic Numbers 2, 7, and 13 for NexPay and Topic Numbers 3, 8, and 15 for Talon Texas," Dkt. No. 114 at 2, even though the motion was filed on the eve of the last day for Plaintiffs to timely prepare their witnesses.

The Court cannot encourage this sort of eleventh-hour filing. And the Court will not grant relief on an expedited basis where Plaintiffs offer no reason for the Court to do so other than Plaintiffs' filing at this late date a motion that could have been filed at least ten days (or more) earlier. *Cf. In re Rosas*, No. 10-52571-C, 2010 WL 3075468, at *1 (Bkrtcy. W.D. Tex. Aug. 4, 2010) ("The court is not obligated to grant relief for emergencies of the debtor's own making.") (citing *In re Villareal*, 160 B.R. 786, 787 (Bankr. W.D. Tex. 1993) (collecting cases)).

While "a motion for protective order may, as a general matter, be timely if filed before the date set for the discovery at issue, *see Maxey v. Gen'l Motors Corp.*, No. CIV. A. 3:95CV60-D-A, 1996 WL 692222, at *1 (N.D. Miss. Nov. 18, 1996), the Court considered whether the motion's timing was grounds alone for denial, *cf. Caraway v. Chesapeake Exploration LLC*, 269 F.R.D. 627, 627–29 (E.D. Tex. 2010)." *Alvarez v. Aldi (Tex.) LLC*, 2014 WL 3624929, at *1 (N.D. Tex. July 22, 2014). The Court's decision not to deny Plaintiffs' motion on that basis was not made lightly or without seriously considering doing so in the interest of justice.

Counsel are warned that "emergency" motions of this sort presented to the undersigned in the future likely will be summarily denied as abusing the litigation process and showing inadequate regard for the Court's time and resources and the opposing party's entitlement to a reasonable opportunity to respond and may result in additional sanctions. *See Dondi*, 121 F.R.D. at 287-89.

This Court's Local Civil Rules provide as a default that "[a] response and brief to an opposed motion must be filed within 21 days from the date the motion is filed," although, "[n]otwithstanding the local civil rules, a presiding judge may direct the parties to proceed in any manner that the judge deems just and expeditious." N.D. Tex. L. Civ. R. 7.1(e), 83.1. Requiring Defendants here to respond to Plaintiffs' seven-page motion in less than 24 hours, when the parties conferred about the dispute at issue 26 days ago and Defendants served the Deposition Notices 15 days ago, and during a time when Defendants' counsel likely is preparing for these depositions, would not be just.

Nevertheless, without having yet decided whether Plaintiffs should be granted the relief they seek in their motion, the Court notes that Plaintiffs' motion does not, on its face, present substantively frivolous grounds for a protective order. Defendants are entitled to an opportunity to respond in a reasonable period of time. And the Court does not need to – and will not – convene an emergency hearing or oral argument and issue an expedited ruling under these circumstances.

Accordingly, the Court ORDERS that:

- pursuant to Federal Rules of Civil Procedure 26(c), 30, and 37(d), Plaintiffs are not excused from designating a corporate representative to appear and testify on December 5, 2014, as noticed, on the topics in the Deposition Notices other than Topic Numbers 2, 7, and 13 for NexPay and Topic Numbers 3, 8, and 15 for Talon Texas;

- pursuant to Rule 37(d)(2), Plaintiffs are not required to designate a corporate representative to appear and testify on December 5, 2014 on Topic Numbers 2, 7, and 13 for NexPay and Topic Numbers 3, 8, and 15 for Talon Texas while Plaintiffs' motion for protective order [Dkt. No. 114] is pending as to those particular topics;

- Defendants may file a response to Plaintiffs' Emergency Motion for Protective Order to Limit the Scope of Corporate Representatives' Depositions [Dkt. No. 114] by **December 15, 2014** – including an amended response if Defendants, out of an abundance of caution, filed an expedited response to the motion before the Court entered this order;

- Plaintiffs may file a reply in support of their Emergency Motion for Protective Order to Limit the Scope of Corporate Representatives' Depositions [Dkt. No. 114] by **December 19, 2014**; and

- if, after receiving this briefing, the Court denies Plaintiffs' motion for protective order in whole or in part, Plaintiffs will be required to designate a corporate representative to testify in short order on any of these disputed topics (Topic Numbers 2, 7, and 13 for NexPay and Topic Numbers 3, 8, and 15 for Talon Texas) as to which the Court denies Plaintiffs' motion, and, if appropriate, the Court will allow Defendants "additional time consistent with [Federal Rule of Civil Procedure] 26(b)(2) if needed to fairly examine the deponent," FED. R. CIV. P. 30(d)(1), and will award expenses under Federal Rules of Civil Procedure 26(c)(3) and 37(a)(5).

The Court otherwise defers ruling on Plaintiffs' Emergency Motion for Protective Order to Limit the Scope of Corporate Representatives' Depositions [Dkt. No. 114] pending this further briefing.

SO ORDERED.

DATED: December 4, 2014

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE